UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


FILED
3/29/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT


RECEIVED
FEB 12 2020 AM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DAVID A. BERTHA<br><br>Plaintiff,<br><br>-v.-<br><br>KANE COUNTY, CLINT HUL,<br>JAMES COWLIN, SUSAN CLANCY BOLES,<br>EUGENE DOHERTY, RICHARD MALOTT,<br>WILLIAM WOOD, CHARLES CONKLIN<br>AND RONALD HAIN<br><br>Defendants. | 1:20-cv-01046<br>Judge: Robert M. Dow, Jr.<br>Magistrate Judge: Sidney I. Schenkier |

## COMPLAINT UNDER THE CIVIL RIGHTS ACT

### Jurisdiction

I.    Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

II.    Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the First Amendment, Fourth Amendment, Fifth Amendment and Fourteenth Amendment of the federal Constitution, by the defendants under the color of law in their capacities as employees of Kane County and the State of Illinois.

### Parties

III.    Plaintiff:

David A. Bertha, 9242 S. Constance, Chicago, IL 60617.

IV.    Defendants:

    A.    Kane County in its capacity as a municipality in the State of Illinois, 37W777 Illinois Route 38, St. Charles, IL 60175.

    B.    Susan Clancy Boles in her individual capacity as a state judge in Illinois, 37W777 Illinois Route 38, St. Charles, IL 60175.

    C.    James Cowlin in his individual capacity as a state judge in Illinois, 2200 N. Seminary Ave., Woodstock, IL 60098.

    D.    Eugene Doherty in his individual capacity as a state judge in Illinois, 400 W. State St., Rockford, IL 61101.

1

   E. Richard Malott in his individual capacity as a sheriff's deputy in Kane County, 37W755 Illinois Route 38, St. Charles, IL 60175.

   F. William Wood in his individual capacity as a sheriff's deputy in Kane County, 37W755 Illinois Route 38, St. Charles, IL 60175.

   G. Charles Conklin in his individual capacity as a sheriff's deputy in Kane County, 37W755 Illinois Route 38, St. Charles, IL 60175.

   H. Ronald Hain in his official capacity as sheriff in Kane County, 37W755 Illinois Route 38, St. Charles, IL 60175.

   I. Clint Hull in his individual capacity as a state judge in Illinois, 37W777 Illinois Route 38, St. Charles, IL 60175.

## PREVIOUS LAWSUITS

 V. Federal case:

David A. Bertha v. Kane County State's Attorney's Office et. al., filed on May 5, 2016, case number: 16-cv-4982.

Plaintiff: David A. Bertha.

Defendants: Kane County State's Attorney's Office, Kane County Sheriff's Office, Rita Garman, Judith Brawka, Elizabeth Flood, John Noverini, John Barsanti, Robert Beaderstadt, Robert Wilbrandt, Michael Sullivan, Joseph McMahon, Salvatore LoPiccolo, Donald Kramer and Alexandra Tsang.

Northern District Court of Illinois, Eastern Division, Presiding Judge Harry Leinenweber.

Civil rights complaint arising from two trespassing cases in 2013 and a contempt case in 2014. The case was dismissed in September 2016. Plaintiff successfully appealed to this Court who vacated the dismissal order and remanded it back to the district court for further proceedings. The district court again dismissed the complaint in September 2018. Plaintiff appealed again to this Court who affirmed the dismissal order in September 2019.

 VI. State cases:

   A. David A. Bertha v. The Daily Herald Newspaper et. al., filed on April 24, 2014, case number: 14-L-199.

    Plaintiff: David A. Bertha.

    Defendants: The Daily Herald Newspaper and Harry Hitzeman.

    Kane County, Illinois, 18th Judicial Circuit, Presiding Judge Edward Schreiber.

    Defamation complaint arising from an article written by Harry Hitzeman and published in the Daily Herald Newspaper in November 2013. The case was

2

            dismissed by the circuit court in August 2014.

B.     David A. Bertha v. The Daily Herald Newspaper et. al. filed on August 14, 2015, case number 15-L-371.

       Plaintiff: David A. Bertha.

       Defendants: The Daily Herald Newspaper and Harry Hitzeman.

       Kane County, Illinois, 18th Judicial Circuit, Presiding Judge Mark Pheanis.

       Defamation complaint arising from an article written by Harry Hitzeman and published in the Daily Herald Newspaper in November 2013. The case was dismissed by the circuit court in June 2016.

C.     David A. Bertha v. The Daily Herald Newspaper et. al. filed on June 14, 2017, case number 17-M1-13026.

       Plaintiff: David A. Bertha.

       Defendant: The Daily Herald Newspaper and Harry Hitzeman.

       Cook County, Illinois, 1st Municipal District, Presiding Judge Joseph Panarese.

       Defamation complaint arising from an article written by Harry Hitzeman and published in the Daily Herald Newspaper in November 2013. The case was dismissed in April 2019.

D.     David A. Bertha v. The Daily Herald Newspaper et. al., filed on July 12, 2018, case number 18-L-7122.

       Plaintiff: David A. Bertha.

       Defendant: The Daily Herald Newspaper and Harry Hitzeman.

       Cook County, Illinois, 1st Municipal District, Presiding Judge James Flannery.

       Defamation complaint arising from an article written by Harry Hitzeman and published in the Daily Herald Newspaper in November 2013. The case was dismissed in October 2018. Bertha appealed. His appeal was dismissed in October 2019.

E.     David A. Bertha v. Kelli Childress et. al. filed on October 5, 2018, case number 18-L-528.

       Plaintiff: David A. Bertha.

       Defendants: Kelli Childress, Rachele Conant, Brenda Willett, Nicholas Feda, Brittany Pedersen, Jennie Amato, Thomas Zubick, Naina Desani, Joanne Langley, Ghouse Mohiuddin, Andrew Schwab, Brandon Gentry, Charles

Conklin, John Grimes, Candy Allen, Aimee Maule, Jill Kobald, Lisa Larsen and R. Christopher White.

Kane County, Illinois, 18th Judicial Circuit, Presiding Judge Lisa Fabiano.

Legal malpractice and conspiracy complaint arising out of Kane County case numbers 13-CM-4553, 13-CM-4615 and 14-CC-20. The case was dismissed against all defendants in August 2019. The case is currently pending in the appellate court.

F. David A. Bertha v. Kane County Sheriff's Office et. al. filed on February 20, 2019, case number 19-L-84.

Plaintiff: David A. Bertha.

Defendants: Kane County Sheriff's Office, Daily Herald Newspaper, Harry Hitzeman, Corey Hunger, Patrick Gengler, Scott Flowers, Thomas Zubick, Ghouse Mohiuddin, Mohammed Ali, Muzhar Khan, Joanne Langley, Naina Desai and Susan Sarkausas.

Kane County, Illinois, 18th Judicial Circuit, Presiding Judge Thomas Meyer.

Intentional infliction of emotional distress and conspiracy complaint arising out of Kane County case numbers 13-CM-4553, 13-CM-4615 and 14-CC-20. Bertha voluntarily dismissed the Kane County Sheriff's Office, Corey Hunger, Patrick Gengler and Scott Flowers from the complaint. The case was dismissed against the Daily Herald Newspaper and Harry Hitzeman by the court. Their dismissal is currently pending in the appellate court. The complaint against all remaining defendants is currently pending in the circuit court.

G. David A. Bertha v. Brenda Wilett et al., filed on January 16, 2020, case number 20-L-17.

Plaintiff: David A. Bertha

Defendants: Brenda Wilett and Richard Dvorak.

Kane County, Illinois, 18th Judicial Circuit, Presiding Judge Joel Berg.

Legal malpractice complaint arising out of Kane County case number 19-CF-1219. The case is currently pending in the circuit court.

## STATEMENT OF CLAIMS

VII. In March 2018, sheriff's deputies Charles Conklin ("Conklin") and William Wood ("Wood") worked in a concerted effort to deny David A. Bertha ("Bertha") his constitutional right to vote while he was in custody at the Kane County jail. They failed to provide him with an absentee ballot until it was too late for his vote to count in Illinois' primary elections. This violated the Voting Rights Act. He states a class-of-one equal protection claim against them.

4

VIII. On October 5, 2018, Bertha filed two complaints in the Office of Professional Standards, Kane County Sheriff's Office, against several deputies. The Kane County Sheriff's Office investigates all citizens' complaints of deputy misconduct. Upon conclusion of the investigation, it provides a written report of its' findings. After Bertha notified Sheriff Ronald Hain ("Hain") that he had not received a written response to his complaints, Sheriff Hain violated his equal protection rights when he intentionally refused to investigate or discipline his deputies. Bertha states a class-of-one equal protection claim against him.

IX. On October 15, 2018, Judge Kevin Busch ("Busch") intentionally discriminated against Bertha by denying his application for waiver of court fees. He qualified for the waiver because he was indigent. He had filed a civil complaint against the Kane County Public Defender, some of her assistants and several others for conspiracy and legal malpractice. Former-Chief Judge Susan Clancy Boles ("Boles"), of the 16th Judicial Circuit, requested the appointment of an out-of-circuit judge. She violated his due process rights so that Judge Busch could avoid the appearance of impropriety. He states a class-of-one equal protection claim against her.

X. Chief Judge Eugene Doherty ("Doherty"), of the 18th Judicial Circuit, was appointed to assume administrative oversight. He appointed Judge Donna Honzel ("Honzel") to preside over Kane County case number 18-L-528. Bertha resubmitted his application for waiver of court fees. Judge Honzel approved it. Inexplicably, she later filed a second order approving his application. On April 26, 2019, she filed an order explaining that the Kane County Clerk's Office needed a second order because the first order was not in their files. Her assertion is demonstrably false. Chief Judge Doherty is liable for violating Bertha's due process rights when he appointed a judge that he knew, or should have known, would intentionally discriminate against him so that Judge Bush and Former-Chief Judge Boles would avoid the appearance of impropriety.

XI. In response to Judge Honzel showing actual prejudice, Bertha filed a motion to substitute her for cause. Chief Judge Doherty also violated his due process rights when he failed to set a hearing on the merits of his motion before a judge not named in it. Bertha states another class-of-one equal protection claim against Chief Judge Doherty.

XII. Bertha also filed a civil complaint against the Kane County Sheriff's Office, employees at Elgin Mental Health Center and others for conspiracy and intentional infliction of emotional distress. Former-Chief Judge Boles again requested that an out-of-circuit judge preside over the case to avoid the appearance of impropriety. Chief Judge James Cowlin ("Cowlin"), of the 22nd Judicial Circuit, was appointed to assume administrative duties. He appointed Judge Thomas Meyer ("Meyer") to preside over Kane County case number 19-L-84. Initially, Judge Meyer instructed counsel representing all parties to send courtesy copies of their motions to him via electronic mail. He later blocked receipt of all electronic mail sent from Bertha, who represented himself *pro se*, without cause. Therefore, Chief Judge Cowlin is liable for appointing a judge that he knew, or should have known, would intentionally discriminate against Bertha so that Former-Chief Judge Boles could avoid the appearance of impropriety.

XIII. After Judge Meyer expressed his inclination to impose sanctions against Bertha without cause, he filed a motion to substitute him as judge. Chief Judge Cowlin violated his due process rights when he failed to set a hearing on the merits of the motion before a judge not named in it. Bertha states another class-of-one equal protection claim against him.

XIV. On June 20, 2019, Bertha arrived at the Kane County Courthouse to present his motion

5

to substitute Judge Meyer for cause. Kane County sheriff's deputy, Richard Malott ("Malott"), violated Bertha's due process rights when he falsified evidence of probable cause to make an arrest for aggravated assault. He is liable for false imprisonment.

XV. Sheriff Hain violated Bertha's due process rights when he failed to properly train, supervise and discipline Malott.

XVI. Again, Former-Chief Judge Boles requested that an out-of-circuit judge preside over the case in order to avoid the appearance of impropriety. Chief Judge Cowlin was appointed to assume administrative oversight. He appointed Judge Robert Wilbrandt ("Wilbrandt"), to preside over Bertha's bond hearing in Kane County case number 19-CF-1294. He ordered him to comply with a psychiatric evaluation as a condition of bond without cause. He had previously violated his due process rights against double jeopardy. Chief Judge Cowlin is liable because he knew, or should have known, that Judge Wilbrandt would violate Bertha's due process rights.

XVII. Thereafter, Chief Judge Cowlin appointed Judge Mark Gerhardt ("Gerhardt") to preside over Bertha's aggravated assault case. Judge Gerhardt ordered him to comply with the psychiatric examination as a condition of bond even though he has a constitutional right to refuse a medical procedure. He exercised this right. As a result, Judge Gerhardt violated his due process rights when he stayed proceedings before a bona fide doubt regarding his fitness to stand trial was raised. Chief Judge Cowlin is liable because he knew, or should have known, that Judge Gerhardt would intentionally discriminate against Bertha for exercising his right to refuse medical treatment.

XVIII. After Judge Gebhardt showed actual prejudice against Bertha, he filed a motion to substitute him as judge for cause. Chief Judge Cowlin again violated his due process rights when he failed to set a hearing on the merits of his motion before a judge not named in it. He states another class-of-one equal protection claim against Chief Judge Cowlin.

XIX. Bertha filed a legal malpractice lawsuit against an assistant Kane County public defender and an attorney in private practice. Former-Chief Judge Boles intentionally discriminated against Bertha by denying his application for waiver of court fees in Kane County case number 20-L-17. He qualified for the waiver because he remained indigent. Chief Judge Clint Hull ("Hull"), of the 16th Judicial Circuit, then requested the appointment of an out-of-circuit judge to avoid the appearance of impropriety. Chief Judge Cowlin was again appointed to assume administrative duties. Bertha states a class-of-one equal protection claim against Chief Judge Hull for violating his due process rights so that Former-Chief Judge Boles could avoid the appearance of impropriety.

XX. Kane County is liable as a municipality for its' pattern of violating Bertha's equal protection rights and due process rights based on a series of false arrests, pattern of malicious prosecutions and several acts of intentional discrimination that began in 2013.

## RELIEF

XXI. Plaintiff seeks Fifty Million Dollars ($50,000,000.00) in damages and court costs.

XXII. Should Hain, Conklin, Wood or Malottt be found liable for any of the federal claims in this action. Plaintiff demands that Kane County pay to Plaintiff any judgment (other than punitive damages) obtained in this action against them pursuant to 745 ILCS 10/9-102.

XXIII. Plaintiff demands that the case be tried by a jury.

6

# CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the court.

**Signed February 12, 2020.**

*David A. Bertha*
David A. Bertha
Plaintiff, pro se
9242 S. Constance
Chicago, IL 60617
(773) 230-0579