**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID BERTHA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1: 20- cv-01046 |
| | ) | |
| KANE COUNTY, ET AL | ) | Honorable Robert m. Dow, Jr. |
| . | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**
**BY DEFENDANTS MALOTT, CONKLIN AND WOOD**

Now comes the individual Defendants Richard Malott, Charles Conklin and William Wood, by their attorney, Kane County State's Attorney Jamie L. Mosser, through her Assistants Kathleen K. Watson and Donald A. O'Brien, and hereby move this honorable Court to enter an order pursuant to FRCP 12(b)(6) dismissing this Complaint as to them, for failure to state a claim upon which relief can be granted. In support of this motion, Defendants state as follows:

**INTRODUCTION AND STANDARD FOR DISMISSAL**

1. These three Defendants were employees of the Kane County Sheriff's Office and have been sued in their individual capacities. (Doc. No. 1, page 2, ₱E, F and G)

2. A Rule 12(b)(6) motion challenges the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded facts and draws all reasonable inferences from those facts in Plaintiffs favor. *Anchor Bank. FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). This standard "demands more than an unadorned, the defendant· unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required,

1

"labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3.   The complaint must "contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, (quoting *Twombly,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court need not draw inferences that are not apparent on the face of the complaint. See *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

### MOTION BY DEFENDANTS CONKLIN AND WOOD

4.   The Complaint alleges that in March 2018, while he was in custody in the Kane County Jail, Defendants Conklin and Wood "failed to provide Plaintiff David Bertha ("Plaintiff') with an absentee ballot in time to vote in the primary election, in violation of the Voting Rights Act as well as his right to equal protection" (See Plaintiff's Complaint Doc. No. 1, page 4, ¶E, F and G)

5.   Plaintiff has failed to allege a private cause of action under the Voting Rights Act and his claims based on that Act should be dismissed.

6.   This Court in the March 29, 2021 order (Doc. No. 13) found that in general, equal protection, "guarantees pretrial detainees access to the ballot" citing to *Post v. DuPage County,* 1993 WL 101823, at *8 (N.D. Ill. April 1, 1993).  In that case the Court allowed claims against certain deputies to proceed, where Plaintiff alleged extensive facts showing that the deputies collaborated to deny his right to vote. Plaintiff has not plead such extensive facts in this action.

7.   This Court went on to raise the sufficiency of the allegations in the Complaint in the March 29, 2021 Court Order (Doc. No. 13).

8.   The Voting Rights Act of 1975 52 USC §10101 *et  seq.,* operates to ban state election laws nationally, and in certain jurisdictions, which discriminate based on race, color and  status as a language minority. §4 and §203 of the Voting Rights Act require certain jurisdictions to provide election material to voters in multiple languages.

9.   Plaintiff has not alleged that the failure to provide him with an absentee ballot was somehow related to his race, color or his status as a language minority.

10. The Supreme Court in *O'Brien v. Skinner* 414 U.S. 524, 530·31 (1974) struck down a New York voting rights statute that absolutely denied absentee ballots to all pretrial detainees as violating equal protection.

11. The Voting Rights Act has not been extended to require that correctional officers provide all pretrial detainees with an absentee ballot.

12. The Supreme Court has examined voting rights claims by pretrial detainees. In the case *McDonald v. Bd.  of Election  Commissioners of  Chicago*, 394 U.S. 802, 807·08 (1969), the Court held that the State absentee voting statute, did not violate the equal protection clause. The statute provided for absentee ballots only for pretrial detainees who were detained outside their home counties.  The Supreme Court upheld that law, since there was a possibility that the State would provide some alternative  means of voting.

13. There is no absolute right to vote by absentee ballot, *Griffin v. Roupas*,No 02 C 5270,  2003  WL  22232839  * 4 (N.D.  Ill.  September  22,  2003), citing *Burdick  v Takushi*, 504 U.S. 428, 433 (1992).  In the *Griffin* case, the Court  held that  the right

3

to vote in any manner is not absolute and that the states retain the power to regulate their own elections, citing *Burdick*, 504 U.S. at 433. [See also *Qualkinbush v. Skubisz,* 357 Ill. App 3d 594, 604·05 (1st Dist. 2004) where the Court held that the Illinois Election Code was not preempted by the Voting Rights Act.]

14. The Illinois Election Code provided the Plaintiff with the proper procedure for obtaining an absentee ballot. Under Section 10 ILCS 5/19·2, any elector may by mail *** not more than 90 nor less than 5 days prior to the date of such election, *** make application to the county clerk or to the Board of Election Commissioners for an official ballot for the voter's precinct to be voted at such election.

15. Section 10 ILCS 5/19·3 provides a form for an application to vote by mail, but also provides that "any person may produce, reproduce, distribute or return to an election authority the application to vote" which can be in a form substantially similar to the required form.

16. Thus in order to vote in the primary election, Plaintiff would have had to submit some kind of application for an absentee ballot to the County Clerk in the County in which he resides and, having received the ballot from the Clerk, he could have filled it out and mailed it back.

17. Instead, Plaintiff merely argues that Defendants Conklin and Wood failed to provide him with a ballot in time to vote in the primary.

18. Under the Election Code as set forth above, the County Clerk issues absentee ballots upon receipt of some kind of application from the voter. The Sheriff's Office employees are not authorized by the Election Code to pass absentee ballots out to inmates upon request.

4

19. It was Plaintiff who did not follow the proper procedure to timely obtain an absentee ballot. Plaintiff cannot plead an Equal Protection claim against Defendants Conklin and Wood, and these Defendants should be dismissed from this action with prejudice.

## MOTION BY RICHARD MALOTT

20. The Complaint alleges that Defendant Malott "falsified evidence of probable cause to arrest him for aggravated assault on June 20, 2019 at the Kane County Courthouse and is liable for false imprisonment" (Doc. No. 1, ⊫XIV).

21. The allegations contained in the Complaint are insufficient to state a cause of action against Defendant Malott upon which relief can be granted.

22. The legality of a law enforcement officer's conduct in making an arrest or search turns on whether the officer had "probable cause". The test in a Fourth Amendment case is whether the conduct was reasonable under the circumstances *Illinois v. Gates* 462 U.S. 213, 232 (1983).

23. Under the totality of the circumstances approach, the law enforcement officer needs probable cause to believe "that a crime has been committed" *Calusinski v. Kruge*r 24 F.3d. 931, 935 (7th Cir. 1994).

24. When evaluating whether probablecause existed the court must "step into the shoes" of the law enforcement officer. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999). If a reasonableofficer in the same or similar circumstance would have believed that a particular party committed a crime, the arrest is lawful, even if the officer's belief was mistaken. *Kelly v. Myler* 149 F.3d 641, 646, (7th Cir. 1998).

25. The Complaint provides no facts as to the circumstances of the Plaintiffs arrest

5

by Defendant Malott, which would allow this court to make an evaluation of whether probable cause existed for purposes of the Fourth Amendment. All the complaint alleges is a conclusion about falsification of evidence, which is of no assistance in making the required determination.

26. The Plaintiffs conclusory allegations of falsification of evidence, false imprisonment and lack of probable cause for an arrest does not state a sufficient cause of action against Defendant Malott upon which relief can be granted. The complaint fails to provide minimal facts even under notice pleading practice. Plaintiffs claim against Defendant Malott should also be dismissed.

WHEREFORE, Defendants Charles Conklin, William Wood and Richard Malott pray that this Court will enter an order pursuant to FRCP 12(b)(6) dismissing Plaintiffs Complaint against them and for such other relief as is just.

> Defendants, Charles Conklin,
> Richard Malott, and William Wood
>
> By: /s/ Kathleen K. Watson
> Assistant State's Attorney

Jamie L. Mosser
Kane County State's Attorney
Kathleen K. Watson
Donald A. O'Brien
Assistant State's Attorneys
100 So. Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. Reg. No. 6192972
watsonkathleen@co.kane.il.us