IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BERTHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20-cv-1046 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| KANE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, the motions to dismiss filed by Defendants Malott, Conklin, and Wood [24] and by Defendant Doherty [26] are granted. The claims against all judicial officer Defendants—Doherty, Hull, Cowlin, and Boles—are dismissed with prejudice as each is entitled to judicial immunity. In an abundance of caution, the claims against the Kane County Sheriff's Office employees—Malott, Conklin, and Wood—and the County itself are dismissed without prejudice. Although the Court is skeptical that Plaintiff could successfully replead his claims against the County and the Sheriff's Office employees, Plaintiff is given until October 12, 2022 to file a motion for leave to file an amended complaint along with an attached proposed amended complaint if he believes that he can state a plausible claim consistent with Federal Rule of Civil Procedure 11 and this opinion. If Plaintiff does not timely file a motion for leave to file an amended complaint or if any such motion is denied, the dismissal of the claims against the County and the Sheriff's Office employees will be converted to with prejudice and a final judgment will be entered.

## STATEMENT

I.  Background

Plaintiff David Bertha brought this lawsuit against four state court judges and three employees of the Kane County Sheriff's Office. See [14]. He alleges a class-of-one equal protection claim against the judicial officers arising out of their decisions to appoint out-of-circuit judges to handle aspects of lawsuits involving Plaintiff to void appearances of impropriety. Plaintiff's claim against Defendants Conklin and Wood has its genesis in Plaintiff's desire to vote in the 2018 Illinois primary election while in custody at the Cook County Jail. Finally, Plaintiff claims that Defendant Malott "falsified evidence or probable cause" to effectuate an arrest of Plaintiff for aggravated assault in June 2019. Plaintiff seeks fifty million dollars in damages.

Each of the Kane County Sheriff's employees has moved to dismiss, as has one of the judicial officers—Chief Judge Eugene Doherty. The Court set a briefing schedule on the

motions [24, 26]. Plaintiff has not filed a response. Nevertheless, in an abundance of caution, the Court will not simply assume that Plaintiff has abandoned this litigation. Instead, the Court will evaluate whether Defendants are entitled to dismissal either on jurisdictional grounds or because Plaintiff has failed to state a viable claim.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a case based on "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient facts that when assumed true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Offering nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft*, 556 U.S. at 678.

## III. Discussion

### A. Claims against Judicial Officers

The Court turns first to Plaintiff's claims against the judicial officers. Under the doctrine of judicial immunity, a judge "is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989). Judicial immunity has only two narrow exceptions: (1) actions taken by a judge in complete absence of jurisdiction or (2) acts not performed in a judicial capacity. *Id*. at 759-60. Where judicial immunity applies, it confers absolute immunity from suit. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). And it applies to both federal statutory claims and lawsuits under Section 1983. *Nowicki v. Delao*, 506 Fed. App'x 514, 517 (7th Cir. 2013).

Here, all of the actions allegedly taken by the judicial officers Plaintiff mentions—those who are defendants and those who are not—were undertaken in dealing with Plaintiff's state law cases. Each act took place in the exercise of the judge's official duties. Plaintiff's remedy for any perceived mishandling of his state cases was to appeal to the Illinois Appellate Court (see *Dawson*, 419 F.3d at 661), not to file a federal lawsuit. And although only Chief Judge Doherty filed a motion to dismiss, it is abundantly clear from the allegations of the complaint that each judicial officer defendant is equally entitled to immunity. Accordingly, the complaint will be dismissed with prejudice as to all four judges named in the lawsuit.[1]

---

[1] Because Plaintiff complains about actions taken by judges in state court cases, it is almost certain that his federal claims also are subject to dismissal under the *Rooker-Feldman* doctrine, which requires federal courts to dismiss on jurisdictional grounds "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

### B. Absentee Ballot Claim

Plaintiff also brings claims against Defendants Conklin and Wood for failing to provide Plaintiff with an absentee ballot in time to vote in the 2018 primary election. Plaintiff's complaint references the Voting Rights Act and equal protection.

The Voting Rights Act of 1975 might provide a claim if Defendants deprived Plaintiff of a ballot on the basis of his race, color, or status as a language minority. But the complaint contains no allegations of discrimination on those bases.

Neither the Equal Protection Clause nor any other legal doctrine of which the Court is aware provides any other basis for relief based on the facts alleged. Plaintiff does not identify any basis in federal or state law authorizing a law enforcement officer to obtain and distribute absentee ballots to persons in custody. The Illinois Election Code provides the rules for obtaining an absentee ballot, and they require the would-be voter to submit an application. The complaint is silent as to the efforts that Plaintiff himself took to start the process for acquiring the ballot he sought. Had Plaintiff done his part and Defendants somehow interfered with his right to submit the ballot in time, Plaintiff might conceivably have a claim. No such facts are alleged here, so Defendants Conklin and Wood are entitled to dismissal.

### C. Falsified Evidence Claim

Plaintiff's allegations against Defendant Malott consist of two sentences. The first states that Malott violated Plaintiff's due process rights when he falsified evidence of probable cause to make an arrest for aggravated assault. The second says that Malott therefore is liable for false imprisonment. These allegations are entirely conclusory, both factually and legally, and thus fall well short of pleading a plausible claim for relief under the Fourth and/or Fourteenth Amendments.[2]

Dated: September 12, 2022

_____
Robert M. Dow, Jr.
United States District Judge

---

district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[2] Because all of the claims against the Kane County Sheriff's Defendants are subject to dismissal, Plaintiff's claim for indemnity against Kane County, see 745 ILCS 10/9-102, also must be dismissed.