UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

David A Bertha
                     Plaintiff,

v.                                             Case No.: 1:20–cv–01046
                                                     Honorable Franklin U. Valderrama

Clint Hul, et al.
                     Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Saturday, September 30, 2023:

      MINUTE entry before the Honorable Franklin U. Valderrama: The Court grants Plaintiff's Motion to Vacate Dismissal Order ("Motion") [35]. Plaintiff brought this action against Defendants Kane County and its employees Richard Malott, Charles Conklin, and William Wood (together "the Kane County Defendants") as well as Defendants Judge Susan Clancy Boles, Judge James Cowlin, Judge Clint Hull, and Chief Judge Eugene Doherty (together "the Judge Defendants") for violating his civil rights under 42 U.S.C. § 1983. The then presiding district court dismissed all claims with prejudice against the Judge Defendants under absolute judicial immunity [31]. The district court also dismissed all claims without prejudice against the Kane County Defendants, allowing Plaintiff 30 days to file an amended complaint, at which time if no complaint was filed, the Kane County Defendants would be dismissed with prejudice. Id. By the 30 days, Plaintiff had not filed an amended complaint. This Court, upon being assigned the case, dismissed the Kane County Defendants with prejudice, terminating the case [33]. Plaintiff then filed this Motion under Federal Rule of Civil Procedure 60(b). A Rule 60(b) motion "is to be used to disturb the finality of judgments only on narrow grounds and upon a showing of exceptional circumstances." McNeela v. United Airlines, Inc., 17 F. App'x 407, 409 (7th Cir. 2001). A court, under Rule 60(b), may vacate a final judgment, order, or proceeding for "mistake, inadvertence surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Ultimately, it is at the discretion of the district court whether to grant a motion to reconsider. Helm v. Resol. Tr. Corp., 84 F.3d 874, 877 (7th Cir. 1996) ("Rule 60(b) provides a district court with the discretion to afford relief from a judgment or order under certain circumstances."); see McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000) ("[W]e have described a court's decision not to reinstate a case under Rule 60(b) as 'discretion piled on discretion.'"). Plaintiff argues that he did not receive notice of the Kane County Defendants' motion to dismiss, the Court&#0;39;s Order, or that his in forma pauperis application was granted [35]. And because Plaintiff filed the Motion within 30 days of final judgment, his failure to respond to the Order is "excusable neglect" warranting reconsideration under Rule 60(b)(1). Id. Considering the circumstances, the Court, in its discretion, is satisfied with Plaintiff's explanation that he did not receive notice. The case is reinstated. On or before 10/30/2023, Plaintiff shall file an amended complaint that is compliant with the district court's 9/12/2022 order [31]. All claims against the Judge Defendants remain dismissed with prejudice. Plaintiff is reminded that

"[e]ven pro se litigants must follow the rules." Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002); see United States v. $9,171.00 United States Currency, 2019 WL 2996930, at *2 (S.D. Ind. June 21, 2019), report and recommendation adopted, 2019 WL 2995319 (S.D. Ind. July 9, 2019) ("These standards set for counsel are expected of pro se litigants. Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants."). Therefore, pro se litigants have an "affirmative duty to examine the docket for up−to−date entries." Sparks Tune−Up Centers, Inc. v. Cummings Sign, 1992 WL 77750 at *1 (N.D. Ill. Apr. 2, 1992). Failure to comply with the Court's orders may result in sanctions, including dismissal. Mailed notice(lp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.